May it please the court, Ms. Alexander, my name is Jim Halley. I represent Donald Wells. He appeals the dismissal of his habeas petition. Mr. Wells complains that he had a trial in Polk County in 1996 in which an involuntary statement was admitted against him, in which two felon in possession of a firearm charges which detailed prior convictions for robbery and burglary were submitted to the jury, and in which he was sentenced on two counts of robbery, counts two and seven, which arise essentially from one act, one robbery. He has property, allegedly property in his possession belonging to two people, and he attempts to prevent the regaining of that property in a single act. Those two counts are charged in regard to that conduct, and he's given consecutive sentences. Those are counts two and seven. Counsel, may I ask you a preliminary question? Yes. You did not reply to the government's brief in this case. Yes. What's your best argument that we should consider then any of the uncertified issues? I just asked the Court to do it, and in fairness to Mr. Wells, I'll tell you why there's no reply brief. I ended up with two briefs due on the same day after having asked for a 14-day extension for the reply in this case. And the other brief was an opening brief, and I miscalculated the amount of time I would need to spend on the opening brief and the reply brief and the reply brief. That answers the question. And hopefully I can answer any questions that the Court has in regard to certified, uncertified questions today to the Court's satisfaction. Let's start with the certified question with regard to the procedural default issue as to the IAC on suppression. Is that right? If I understand the trial court's certificate of appealability, Mr. Wells is permitted to proceed on his claims of ineffective assistance of counsel. And for today's purposes, I have three arguments in regard to ineffective assistance of counsel, one regarding the involuntary statement, one regarding the failure of his trial counsel to move to sever the felon in possession charges, which included the allegations of his prior felony convictions, and ineffective assistance of counsel in regard to the two counts that charge essentially one robbery and on which he's given two consecutive 20-year sentences. The other issue that I believe that Judge Marsh certified for appeal is whether or not Mr. Wells has exhausted his claims. So I view the certificate of appealability to allow Mr. Wells to proceed on those arguments, and I hope that answers the Court's question. What I would like to focus on right now, if we could, is the ineffective assistance with regard to the confession. Yes. As I understand it, that was held procedurally defaulted by the district court. Is that correct? And in the alternative, denied on the merits. Yes. All right. Could you tell me why it was not procedurally defaulted? Yes. First, in the PCR petition, which is at Excerpt of Record, Volume 2, Helen's Excerpt of Record, Volume 2, page 77. The petition challenges the statement on this is page 3 of the petition. It challenges various – pardon me, page 4 of the petition, page 77 of the Excerpt of Record, challenges conduct of his lawyer under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments, and in paragraph 1 argues that his Miranda rights were violated in regard to the statement and that the lawyer failed to request evidence regarding heroin use at the time of the statement. And I urge the Court to view that somewhat broadly as an effort to assert the claim that his trial lawyer, Mr. Hatch, failed to bring to the trial judge, Lucanen's attention, the fact that Judge Redden, back in 1986, 10 years before, had found this very same statement involuntary. Was there also some mention of this more specific issue in the supplemental papers that the Petitioner filed himself? In addition to that, during the PCR trial, Judge Dickey, I believe, in Marion County, agreed to consider submissions from Mr. Wells. I can't point to a specific part of those records that discuss the Redden ruling, but Mr. Wells did tell Judge Dickey during the trial that he had two rulings. He was making the same effort that he'd made back in front of Judge Lucanen in an effort to tell his trial judge, I had two rulings on this statement. I did lose in front of Judge Blensley in 1985, but then in 1986, in the spring of 1986, Judge Redden found the same statement involuntary. And so there was an effort in the PCR trial by Mr. Wells during his testimony, and that appears at the, what I would call, Volume 2 of the reporter's transcript at pages 367, lines 22 and 24, where he's attempting to tell the judge about I had two rulings. One of the problems with this case is Mr. Wells is not particularly articulate. He was trying to get a point across. The problem is that he shouldn't. I mean, he had lawyers who should have been speaking for him. Exactly. Exactly. Why his trial lawyer did not pick up on the fact that this statement had already been ruled involuntary, I can't understand. Ultimately, the district judge here said it wouldn't have made a difference because the law of the case would have, in fact, controlled. And so what about that? That turns the law on its head. The Supremacy Clause makes the Federal courts the ---- That's wrong. That's just wrong. I mean, in other words, they had no ---- I don't see why they had any obligation to follow the Federal courts, but they could have followed the Federal courts. They could have had an exception to the law of the case for either a new law or for a clear error or for an unjust result. I don't think they were obligated, but they certainly could have. Why were they obligated to follow the district court scheme? Well, this goes back then to a different argument about the statement, and I don't mean to change tracks, that it's an unreasonable application of Federal law and it's an unreasonable determination of the facts that the trial court made. And it made a difference for that reason. And the law of the case doctrine is based on the interests of economy, not trying things over and over again, not having a second hearing. That wasn't necessary in regard to Mr. Wells' claim that the statement should be suppressed. All Judge Lukanen needed to do was inquire into the circumstances of Judge Breden's case, were the witnesses substantially the same, was the evidence substantially the same, was it the same statement. That's all that would have been needed. Mr. Wells wasn't trying to get a new hearing with witnesses presented again. That clearly would be contrary to the law of the case. But to apply the law of the case in these circumstances takes its way, way beyond its rationale. And although I certainly have been told no already, I urge the Court to view that the State court was obligated to make a determination consistent with Judge Breden's ruling regarding the statement. Do you see any problem with that argument? Suppose Judge Breden had made just the opposite argument. Would that have been binding on the State? Pardon me for taking so long to think about it. Let me think for just a moment. It's a question of binding. Isn't a law of case doctrine an essentially court-created discretionary doctrine, which such that a ruling by another judge could influence it? Not necessarily and not binding, but it could. So not bringing it forward could make a difference. Yes. Yes. And that's you can't tell from this record whether or not. I would have been shocked if you had said anything other than yes. That's a fact. And I know that I have failed to answer your earlier question. I failed to answer your earlier question, Your Honor. You can't tell. You cannot tell. And that's the heart of the ineffective assistance claim, that his lawyer gave him no help at all in making this clear to Judge Lukanen. Judge Lukanen was clearly in the dark about what Mr. Wells was talking about. Was Judge Lukanen the PCR judge or the retrial judge? No. I think that Judge Lukanen is the retrial judge, the 1996 trial judge. And I think that Judge Dickey is the PCR trial judge. There's some reason for confusion. I think that the appeal brief in the PCR lists Judge Lukanen as the PCR trial judge. If I forgot all that wrong, I apologize. But I believe those are the players. And the reason I think that's right is Judge Dickey is a Marion County judge and the PCR was in Marion County. Let me go back to the question that was asked earlier that I haven't answered. Would Mr. Wells be foreclosed? No, he wouldn't be foreclosed, might be foreclosed on Federal grounds, but I would as his trial lawyer, I wouldn't concede to that. I would argue that he can't be collaterally estopped in regard to the voluntariness of his statement that the prior adverse ruling would not be raised judicata against him. He would also have the right to go forward in State court under the State constitution's voluntariness standards. Clearly, he would be behind the eight ball. He would have a problem. He'd be swimming upstream some and the one judge had already found against him. But it is somewhat like presumptions that take the burden of proof away from the State, violating their obligation to prove all of the elements. I would argue that a defendant in those circumstances should have all the rights to litigate his claim. It's his liberty that is at stake. In regard to whether or not this claim regarding the ineffectiveness has been exhausted, the next step is the appeal. I would direct the Court to the State supplemental excerpt of record. They've included the appeal briefs, and I think that at page 83 is the appeal brief that touches on the ineffectiveness of the trial lawyer in regard to the statement. I do think that in addition to that, if the Court were to get at the merits, that the use of the statement during his trial is both contrary to clearly defined federal law and amounts to an unreasonable determination of the facts. Let me turn, if I may, to the severance issue. The significance of the severance issue has to do with the fact that he's on trial for several counts of robbery, attempted murder, the felon in possession of a firearm charges, and stealing a car, and his ---- Now, this one was also held procedurally defaulted, and it seems to me here you have even bigger problems. Why is it not procedurally defaulted? I would direct the Court first to the PCR trial where the Court allowed Mr. Wells to submit his own pro se materials, and in my excerpt of record at page 72, I've included some of the materials that he submitted. They are handwritten. They don't have the best grammar in the world, but in ---- At page 72, in the materials that Mr. Wells submitted to Judge Dickey, he wrote, Mr. Wells was ---- It seems to be about something completely else. That seems to be about the ---- if it's about anything, it's about the multiplicity question. Pardon me. I have gotten it confused. My notes are going to fail me on this point because I've noted down the wrong reference. If I may, I'd like to reserve a couple of minutes to reply to that question. If I may, Your Honor, I've been a bit ---- All right. Well, then why don't you stop now, because you're already over your time and you can have two minutes in rebuttal. Thank you. May it please the Court, Carolyn Alexander for Respondents. Before I start, I first of all apologize for my voice. I'm fighting off a cold like everybody is. Join the club. I know. I hear it now and realize it's not the best today, so I am sorry for that. Another apology on page 3 of the red brief, footnote 1. The cite to the full facts of Petitioner's crime should be 156 to 161, not 56 to 61. And again, I apologize for that. In following the Court's lead, let me address the suppression issue first, first default, and then merits. This claim is defaulted, and it's defaulted actually for two different reasons. In the post-conviction proceeding, counsel for Petitioner pursued a claim that counsel was, trial counsel was ineffective for failing to file a motion to suppress. That was it. And you don't think that's fairly read to mean a worthwhile one? Well, let me, let me finish. Or doing it right as opposed to doing it wrong? Well, here's exactly why that's wrong. Because, in fact, trial counsel did file a motion to suppress. That's correct. And that's what the post-conviction stated. But there was also some information, as I recall, that was submitted in the supplemental information that at least gave some clue as to what was meant by it. And he also did submit the, finally, as I recall, the Judge Redden decision. Well, two things there, Your Honor. First of all, under Oregon State law, Bowen v. Johnson, the claim has to be in the post-conviction court. So if a claim is amplified, raised for the first time, explained in supplemental memoranda, the post-conviction court isn't necessarily going to consider that. And I think the evidence that the post-conviction court, looking at the statement he didn't file a motion to suppress and knowing that he did file a motion to suppress, thinks, well, what does he mean by this? And then finds out what he meant by it. But the post-conviction court's findings specifically say, all told, counsel filed a motion to suppress. So to me, that's evidence in the record that, in fact, the post-conviction court didn't consider that extra claim, didn't consider that evidence, whatever you want to call it, didn't go into the post-conviction court's decision. Nonetheless, the claim continued to evolve on appeal. So Petitioner sees, oh, whoops, counsel did file a motion to suppress. Let's make that claim a little bit better on appeal. So in the brief to the court of appeals, it's pursued the same claim, didn't file a motion to suppress, or didn't do it good enough. But then in the petition for review to the Oregon Supreme Court for the first time, ah-ha, there's Judge Redden's ruling. There's what the claim really means. Kagan. to the court of appeals. Kagan. No, actually, it was in the petition for review in the Oregon Supreme Court. But the actual physical paper, I thought, was submitted in the court of appeals. That may be – that may be possible, Your Honor. And it may be, in fact, that now that I'm rethinking that, that he didn't mention the claim or discuss the claim until the petition for review. I think you're right, Your Honor, now that I think about it. Indeed, he did submit the ruling, although he didn't refer to it in the brief. Kagan. Because what have you been trying to do all along? I mean, it is – if you read – it is, to me, distressing to read the trial transcript where he is trying to get the judge to understand that there was this ruling and that nobody is understanding him. Correct. I mean, no one is letting him talk. Correct. Correct. And I agree, Your Honor, that's correct reading of the record, that, in fact, Judge Lucanen didn't seem to understand what he was talking about. And his lawyer didn't particularly either. That's right. That's right. But this is a claim against counsel. So the inquiry is, you know, not only what more counsel should have done, but what prejudice Petitioner suffered because of it. Okay. So what did prejudice suffer? I think the merits, in fact, can be resolved on prejudice, if nothing else. Well, I have a hard time with that. Let me tell you why, and you can respond to it. In general, as I said before, the law of the case is a sort of self-imposed doctrine, which is not hard and fast and which has exceptions. I think in Oregon it's articulated something like, in the interest of justice and state court – federal court, there are specific exceptions. I don't know if they exist in Oregon. I'd be interested to know. So the question is, why wouldn't a judge who knew that a federal judge had taken a completely different view of the circumstances, at least not consider whether not to apply law of the case? Well, I think the very short answer to that is this, Your Honor. In the supplemental excerpt of record at page 52 is the trial court's finding of fact that for – that the case was remanded for retrial for reasons not pertinent to the motion to suppress. So you can call that law of the case, I guess, but I think you can also just simply say, as a matter of fact, the nature of the remand limited that. Do you really doubt that if he had understood that Judge Wren had said something else that he wouldn't at least have thought about whether he should make a different ruling? I don't think he would have, Your Honor, and for that reason. The remand didn't open – open the issue up. So how is the trial court going to consider it when it's not an issue on remand? I'm not sure that there's a mechanism to do that. I don't understand that. It seems to me that what was before the trial – the state court was the case. And he could rely on the earlier rulings or he could not. I presume, for example, that with respect to evidentiary rulings or things that happened along the way the first time, he didn't consider himself bound by everything that happened. Well, but the pretrial rulings were not open for reconsideration on remand. So I really do think that that factual finding, which is binding on this Court, it – Petitioner hasn't rebutted that with clear and convincing evidence that that was an invalid confession. I don't think the trial court would have reconsidered that or could have reconsidered that. So you think that if there was a retrial under these circumstances, and let's say that the law had completely changed under the – with regard to Miranda and it was plain now under Supreme Court law that this was an invalid confession, that nonetheless he would go ahead and omit the confession? Well, but, Your Honor, I'm not sure that's the correct inquiry. Well, it's the inquiry on the way that you just set up the problem. Well, but let's look at this. In 1985, the State court rules on the motion to suppress that, in fact, the statements are voluntary, and that's well set out in the record. A year later, in the Federal case, a Federal court rules otherwise. But the State court made explicit credibility findings. It considered the testimony of the witnesses. That's why I asked the question I asked you, because you had begun by saying it wasn't before the trial court, he couldn't have done it. The pretrial issues were not before him. Correct. But then on my hypothetical, he would have had to go ahead and allow in a plainly invalid confession. But I guess what is – what's confusing me, Your Honor, is why the conclusion that it's presumptively invalid. You have a one-pointed – I don't have an assumption that it's presumptively invalid. I'm only asking whether he could have considered it. A ruling by a different court? I mean, the State court rules it's voluntary. A Federal court rules that it's not. So even if the trial court had considered the Federal suppression ruling, what do you do with that? I mean, do you just say, well, the State court got it wrong and the Federal court got it right? I don't think that a trial court necessarily would make that decision. And again, because this is a claim against trial counsel, it's his verdict. Which trial court would make that decision? The State trial court? The State – yes, the State trial court on retrial. So you have – Are you saying the State court should not even consider it? I'm saying – I'm saying how does Petitioner prove prejudice in that – in that this Federal ruling to the retrial court's attention – That there's a reasonable probability. Exactly. That the retrial court would have said, yes, Federal court, you got it wrong. State court, you got it – you got it right. State court, you got it wrong. And on this record, he just simply can't make a decision. Well, frankly, in all likelihood, I mean, just looking objectively at the two rulings, it seems to me that it was the Federal court that got it right and a State court that thought it was – he was able to make that inquiry might have – well, have come to that conclusion. Well, Your Honor, I'd point out that the record of the Federal ruling, we have the order properly in the record, but the district court found that the transcript of what happened in that Federal suppression hearing was not properly before the Federal court because of 2254e2. Petitioner could have submitted that to the State court. He could have relied on that. He could have developed that evidence. He can't do that for the first time in Federal court. So we don't have all those facts in front of us because of his lack of diligence. So we can't really do a one-to-one comparison of those rulings simply because of Federal habeas law. The description in the order doesn't sound a whole lot different than the record that was in the State trial court to begin with. Well, I think I would disagree, Your Honor. Again, I think if you consider that evidence, two courts came to different conclusions. And because of that, he – it's his burden to show prejudice. He can't show the State court would have done anything different. If there are no more questions on that issue, I would like to say a couple of things about, first of all, the indictment merger claim, which is claim 7, which I think we got started on a little bit here. I'm not going to talk about the procedural impediments. Those are well set out in the red brief. But on the merits, I wanted to make a couple of points in clarification. First of all, there is no problem with the indictment on counts 2 and 7. Under Oregon State law, there really isn't such a term as a multiplicitous indictment. That really is a term that applies to Federal crimes. In just the Westlaw search, I saw the term one time in our State law back in 1977, and it didn't really provide much information. It was about a traffic infraction. So that really isn't a term that we know in State law in Oregon anyway. So there's no problem in the indictment. The trial court specifically found that these were separate – these two robberies were separate offenses. And, again, that's a binding – that's a binding issue of State law. Kagan Correct. And that's a trial court finding. But Oregon law has changed. Now, in the last 10 years, again, these crimes were in 1985, now they would probably be indicted as alternative theories of robbery. But back in 1985, that was not the case. The laws changed remarkably in Oregon in the last 10 years on merger. Kagan Alternative theories meaning the robbery itself and the force against the police officer should not take the – Kagan Yes. In other words, it would be one robbery, one victim, two theories, one to retain the money, one to retain the pickup. But that, again, the law changed in Oregon in about 2000. And so that's how it would be indicted now. Back in 1985, that was not the case. The law changed significantly in Oregon in 2000. On the merger issue, which is a little different issue, trial counsel did argue for merger. Trial court found they were separate offenses. Again, in Oregon in 1985, merger law was very muddy and very unclear. And so Petitioner was not able to show that had counsel done more, and he doesn't say what that would be, in fact, he doesn't even cite any State law for the proposition, that the trial court would have said, oh, yes, absolutely, you're right, and they should merge. In fact, the trial court found that they did not merge. One other clarification, and that's on Claim 4 in the motion to sever, one other error in the red brief that I just wanted to make clear, these are on counts 4 and 5, the felon in possession charges. I wanted to make clear, this is page 32 of the red brief, by the way, that the way those are alleged is one felon in possession involved the .38 handgun, the second involved the shotgun. Those were properly joined under Oregon law because both of those guns were used in the robberies and the attempted murder. The .38 was used to properly join. That's not the issue. The issue is whether they were prejudicial such that had the issue been raised, a judge might have severed them. Correct. And under Oregon law, that wouldn't have been the case, because you simply can't show prejudice under Oregon law. You can't show what? Prejudice. You can't show prejudice? Yes, under Oregon law, in order to sever those charges when they were properly joined in the first place. I thought that's how Oregon law set up, so that you can't show prejudice. Not at that time, Your Honor. Actually, it was prejudice at that time. Substantial prejudice was a statutory change that came after the crimes in question. And I'd refer the Court to Skate v. Barone, cited in the red brief, that explains that prejudice element. Thank you very much. Thank you very much. If I may, first, I'd like to confess I cannot find in my excerpt of record Mr. Wells' post-A submissions regarding the severance issue. Earlier in my argument, I briefly touched on his post-A submissions concerning the voluntariness of his statements, and those are in the excerpt of record at page 65 and following. And in regard to the multiplicitous issue, I'd urge the Court, I do urge the Court to consider multiplicity and merger to be wrong and remedy. Multiplicity is an indictment that divides one offense into two counts. Merger is the remedy in the event of a conviction on such an indictment, whereby the person is only given one sentence. Well, I'm being told, and you can tell me if that's right or wrong, that the merger argument was made, but the multiplicity one was not. And I myself could not – I cannot locate that argument made by Mr. Hatch to Judge Lucan. I just don't see it. He made it in the State PCR, no? Mr. Wells made it in PCR. But I think the State's position is that Mr. Wells cannot complain about his counsel's failure to argue for merger because his counsel did argue for merger. I don't find it. I don't find it there in the record. And in regard to whether or not a person could show prejudice, I don't think that Oregon statutes are the question. The case of Lewis that I cite in my brief has to do with a person, I think, who possessed a gun over a period of time, August to October, and he objected that you couldn't divide that possession, same gun, into two counts of being a felon in possession. The Court did find that that was just one offense. It was improper to charge it as two different offenses. That's an example. But if I ran out of here and I grabbed coats belonging to five different people, and on my way out I attempted to prevent an officer from stopping me from taking those five coats. I've got property belonging to five different people. Have I committed five robberies or have I committed one? I've committed one. The problem with the indictment wasn't that it charged the theft of the money from the Brush College store in his efforts to prevent Officer Thompson from taking the property back. There's no allegation in regard to count one. That's the count of taking the money out of the store till. The problem relates to counts two and seven, and those charge Mr. Wells with robbery in regard to the money from the store and a vehicle he's got that doesn't belong to him and the act of trying to stop Officer Thompson. Every case requires proof of certain elements. And these two offenses have slightly different elements in the who owns the property, but that's not a crucial element. They have exactly the same intent. And so they've taken one bit of conduct, split it into two offenses, and he gets twice the time off. Thank you very much. Thank you both for your arguments. The case of Wells v. Campbell is submitted, and we are concluded for the day.
judges: Farris, Nelson D. W., Berzon